UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CLARENCE DEAN ROY** | **CIVIL ACTION NO. 16-1018** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CITY OF MONROE AND JAMES BOOTH** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

This is a civil rights action filed by Plaintiff Clarence Dean Roy ("Roy") against Defendants City of Monroe ("the City") and James Booth ("Sergeant Booth"). On October 19, 2017, the Court issued a Ruling and Judgment [Doc. Nos. 33 & 34] granting in part and denying in part Defendants' Motion for Summary Judgment.

In its Ruling, the Court considered Roy's claims of false arrest and malicious prosecution. The Court determined that Roy's claims appeared to fail as a matter of law because they arise under the Fourth Amendment, and he is unable to show that he was subjected to a deprivation of a liberty interest. The Court gave the parties notice of its intent to dismiss Roy's claims of false arrest and malicious prosecution based on this *sua sponte* analysis. Prior to intended dismissal, however, the Court gave the parties an opportunity to file memoranda addressing this analysis.

The parties timely filed memoranda. [Doc. Nos. 35 & 36]. In his memorandum, Roy cites *McLin v. Ard*, 866 F.3d 682 (5th Cir. 2017), for the proposition that "'[p]hysical force is not required to effect a seizure,' but submission to authority is necessary." [Doc. No. 35 (quoting *McLin*, 866 F.3d at 691 (emphasis and other citations omitted))]. Based on the reasoning of *McLin*, Roy argues that he was "seized" because he was not free to leave while under questioning by Sergeant Booth and was then issued a summons. Speculating on what would have happened if he stepped away, Roy contends that he was required to submit to authority, and thus, he has raised a genuine issue of

material fact for trial that the Fourth Amendment is implicated by Sergeant Booth's actions. Roy also distinguishes cases from outside the Fifth Circuit.

Defendants contend that this Court correctly reasoned that Roy's claims of false arrest and malicious prosecution are subject to dismissal because Roy was not deprived of a liberty interest. While Defendants do not dispute the statement of law cited by Roy, they argue that the facts of *McLin* are inapplicable in this case. According to Defendants, *McLin* stands only for the proposition that "[v]oluntary submittal to arrest warrants [has] been found to be a 'seizure' in the context of the Fourth Amendment." [Doc. No. 36, p. 2 (citation omitted)]. No arrest warrant issued for Roy, and *McLin* does not address a misdemeanor summons. Defendants, agree, however, that *McLin* is applicable in one way: its qualified immunity analysis. In addition to Roy's lack of liberty interest, Defendants argue that Sergeant Booth's issuance of the summons is protected by the qualified immunity doctrine because Roy cannot show that all reasonable officials would have understood they were violating the law by issuing the summons.

The Court has reviewed *McLin* and considered the arguments of the parties. The Court agrees with Defendants that the *McLin* case does not change the analysis for Roy's claims. Contrary to the plaintiff in *McLin*, Roy did not have any outstanding warrants, but merely received a summons from Sergeant Booth. "No court has held that a summons alone constitutes a seizure, and we conclude that a summons alone does not equal a seizure for Fourth Amendment purposes." *Bielanski v. Cty. of Kane*, 550 F.3d 632, 642 (7th Cir. 2008); *see also Martinez v. Carr*, 479 F.3d 1292, 1299 (10th Cir. 2007); *McLin*, 866 F.3d at 693-94 n.7 (citing same). In *Evans v. Ball*, 168 F.3d 856 (5th Cir.1999), the Fifth Circuit noted that a "summons, coupled with . . . additional liberty restrictions . .. , may constitute a seizure under the Fourth Amendment." *Id.* at 861. However, as the Eastern District has noted, "the obvious implication of this language is that without additional

2

liberty restrictions, a summons may *not* constitute a seizure, though the Circuit has never explicitly stated so." *Gonzales v. Brazley*, No. CIV A 09-137, 2009 WL 2411800, at *6 (E.D. La. Aug. 4, 2009) (emphasis added). To the extent that Roy argues that his limited conversation with Sergeant Booth implicates the Fourth Amendment, such a conversation, held in the presence of his friends,[1] also does not constitute the exercise of authority pursuant to which "no reasonable person would have believed he was . . . free to leave."[2] *McLin*, 866 F.3d at 693 (citation and internal quotation marks omitted); *see also United States v. Mendenhall*, 446 U.S. 544 (1980).

Further, even if Roy could show that he was seized, Sergeant Booth is entitled to qualified immunity protection because the law was not clearly established that he was violating Roy's Fourth Amendment rights by issuing a summons. *See Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011) ("Where no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established.").

Under these circumstances, Roy has not raised a genuine issue of material fact for trial that he was "seized" for purposes of the Fourth Amendment. Even if he could show a violation, Sergeant Booth is entitled to the protection of qualified immunity. Therefore, Roy's claims of false arrest and malicious prosecution fail. These claims are DISMISSED WITH PREJUDICE.

Monroe, Louisiana, this 8th day of November, 2017.

*[signature: Robert G. James]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] [Doc. No. 23-3, Exh. 3, Roy Depo., p. 20 ( "So he came and spoke to you and were y'all with your group of friends at the time? A. Yes, m'am.").

[2] Presumably, any time a summons is issued in person, the issuing official would have at least a minimal conversation with the person to whom it is issued.